UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGG MORAMARCO,<br><br>     Plaintiff,<br>  v.<br><br>NY LUXURY PUBLISHING, LLC,<br>THE NEW YORK OBSERVER, LLC, JARED<br>KUSHNER, JOSEPH MEYER, PATRICK<br>MCMULLAN, PATRICK MCMULLAN<br>COMPANY, INC., JULIE DANNENBERG,<br>PETER DAVIS, and THOMAS PLUNKETT,<br><br>     Defendants. | 16 CV 6170<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

PLAINTIFF GREGG MORAMARCO, by his attorneys, Fine & Associates, P.C., as and for his complaint against Defendants NY LUXURY PUBLISHING, LLC ("NY Luxury Publishing"), THE NEW YORK OBSERVER, LLC ("NY Observer"), JARED KUSHNER ("Kushner"), JOSEPH MEYER, ("Meyer"), PATRICK MCMULLAN ("McMullan"), PATRICK MCMULLAN COMPANY, INC. ("McMullan Co."), JULIE DANNENBERG ("Dannenberg"), PETER DAVIS ("Davis"), and THOMAS PLUNKETT ("Plunkett") (collectively, "Defendants"), hereby alleges as follows:

NATURE OF ACTION

1. Plaintiff Gregg Moramarco is a publisher of certain magazines, namely "Scene New York" ("Plaintiff's Mark") which has been published since as early as May, 2006.

2. On or before March 2013, Defendants, together with former associates and contractors of Mr. Moramarco, began to publish a competing magazine, namely "Scene in New York" ("Infringing Mark").

3. Defendants, jointly and severally, and with predatory intent, used, and continue to use Defendant's Mark in order to take advantage of Mr. Moramarco's reputation, thereby causing confusion as to the source of the respective magazines.

4. In addition, Defendants have intentionally interfered with Mr. Moramarco's business relationships, and prevented the rightful registration of Plaintiff's Mark with the United States Patent and Trademark Office by filing a baseless opposition thereto.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) for the claims arising out of the violations of Section 43 of the Lanham Act, has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising out of the violation of Sections 349 and 360-1 of the New York Business Law, and all other claims arising under the common law of the State of New York; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

6. This Court has personal jurisdiction over the Defendants because the products that are the subject of this action were, and continue to be, sold and/or offered for sale to consumers in New York State, including in this Judicial District.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this district.

## THE PARTIES

8. Plaintiff Gregg Moramarco is an individual residing in New York, and is the owner of the Plaintiff's Mark. Mr. Moramarco is the applicant of the Plaintiff's Mark in the United States Patent and Trademark Office, Serial Number 85598024.

9. As a result of Plaintiff's widespread use in commerce of Plaintiff's Mark, it has come to be known as the source-identifier of the Plaintiff's magazine.

10. Defendant NY Luxury Publishing, LLC is, upon information and belief, a company owned and operated by Defendants Jared Kushner and Joseph Meyer. It is, among others, a user of Defendant's Mark, and the applicant of Defendant's Mark with the United States Patent and Trademark Office, Serial Number 85514764.

11. Defendant The New York Observer, LLC is, upon information and belief, owned and operated by Defendants Jared Kushner and Joseph Meyer. It is, among others, a user of Defendant's Mark, and owns and operated the web site sceneinny.com ("Infringing Domain Name").

12. Defendant Jared Kushner is, upon information and belief, an individual and the owner of Defendants NY Luxury Publishing, LLC and The New York Observer, LLC, and publisher of the magazine "Scene in New York."

13. Defendant Joseph Meyer is, upon information and belief, an individual and an officer of Defendants NY Luxury Publishing, LLC and The New York Observer, LLC.

14. Defendant Patrick McMullan is, upon information and belief, an individual who is owner and operator of Defendant Patrick McMullan Co., Inc., and who is or was

employed, or who performs or performed services for Defendants Kushner, Meyer, NY Luxury Publishing, LLC, and The New York Observer, LLC.

15. Defendant Patrick McMullan Co., Inc. is upon information and belief, a company owned and operated by Defendant Patrick McMullan, and which performs or performed services for Defendants Kushner, Meyer, NY Luxury Publishing, LLC, and The New York Observer, LLC.

16. Defendant Julie Dannenberg is, upon information and belief, an individual who is or was employed, or who performs or performed services for Defendants Kushner, Meyer, NY Luxury Publishing, LLC, and The New York Observer, LLC.

17. Defendant Peter Davis is, upon information and belief, an individual who is or was employed, or who performs or performed services for Defendants Kushner, Meyer, NY Luxury Publishing, LLC, and The New York Observer, LLC, and is or was Editor-in-Chief for Defendants NY Luxury Publishing, LLC, and The New York Observer, LLC.

18. Defendant Thomas Plunkett is, upon information and belief, an individual who is or was employed, or who performs or performed services for Defendants Kushner, Meyer, NY Luxury Publishing, LLC, and The New York Observer, LLC, and is or was the registrant of the domain name "sceneinny.com."

19. Defendants, jointly and severally, have or are using the infringing marks and doing business though the Infringing Domain and in interstate commerce.

AS AND FOR A FIRST CLAIM FOR RELIEF
Trademark Infringement and Unfair Competition in
Violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

20.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

21.  Section 43(a) of the Lanham Act provides that

> [a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person
> ...
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

22.  Plaintiff's Mark is distinctive, or has become distinctive, and is associated with Plaintiff Gregg Moramarco in the mind of the public.

23.  Defendants have used the confusingly-similar mark, "Scene in New York," in connection with a competing magazine.

24.  Plaintiff Gregg Moramarco has not authorized the use of Plaintiff's Mark.

25.  Defendants' use of Defendants' Mark is likely to cause confusion, mistake, or deception; cause the public to believe that the Defendants' products emanate or originate from Plaintiff when they do not, or that the Plaintiff has authorized, sponsored, approved or otherwise associated itself with the Defendants or their magazine.

26.  The Defendants' wrongful acts will continue unless and until enjoined by this Court.

27. The Defendants' acts have caused and will continue to cause irreparable injury to the Plaintiff. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

28. The Defendants' egregious conduct in selling infringing products is willful and intentional.

## AS AND FOR A SECOND CLAIM FOR RELIEF
Injury to Business Reputation in Violation of
New York General Business Law (N.Y. Gen. Bus. Law § 360-l))

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

30. New York General Business Law, Section 360-l provides that:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

31. Plaintiff is the exclusive owner of the Plaintiff's Mark.

32. Through prominent, long and continuous use in commerce, including commerce within New York, the Plaintiff's Mark has become, and continues to become, famous and distinctive.

33. Long after the Plaintiff's Mark became famous, the Defendants, without authorization from Plaintiff used Defendants' Mark, a mark that causes confusion as to the source of Defendants' magazine.

34. Defendants' use of Defendants' Mark dilutes and/or is likely to dilute the distinctive quality of Plaintiff's Mark and to lessen the capacity of Plaintiff's Mark to distinguish the Plaintiff's magazine.

35. Defendants' use of Defendants' Mark is also likely to cause blurring in the minds of consumers between Plaintiffs' magazine that Defendants' magazine.

36. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

### AS AND FOR A THIRD CLAIM FOR RELIEF
Deceptive Acts and Practices in Violation of
New York General Business Law (N.Y. Gen. Bus. Law §§ 349 and 350)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

38. New York General Business Law, Section 349 states, in relevant part, that:

> Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

39. New York General Business Law, Section 350 states, in relevant part, that:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

40. Through their advertisement, distribution, offer to sell and sale of Defendants' magazine, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

41. Defendants' deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendants have directed their marketing activities, and Plaintiff has been injured thereby.

42. By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 and 350 of the New York General Business Law.

43. The Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### Trademark Infringement Under New York State Common Law

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

45. Plaintiff owns all right, title and interest in and to the common law rights in the Plaintiff's Mark.

46. Defendants' magazine incorporates imitations of Plaintiff's common law trademark.

47. Defendants' use of the Defendants' Mark is unauthorized, and is likely to cause consumer confusion.

48. By the acts described above, the Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

49. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

**AS AND FOR A FIFTH CLAIN FOR RELIEF**
Unfair Competition in Violation of New York State Common Law

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

51. The Defendants have palmed off their goods as Plaintiff's, improperly trading upon the Plaintiff's goodwill and valuable rights in and to Plaintiff's Mark

52. Defendants have committed the above alleged acts willfully, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of the Defendants.

53. By the acts described above, the Defendants have engaged in unfair competition in violation of the common law of the State of New York.

54. Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

**AS AND FOR A SIXTH CLAIM FOR RELIEF**
Tortious Interference with Business Relationship

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

56. At all relevant times, Plaintiff had ongoing relationships with third-party advertisers.

57. Defendants intentionally, wilfully, and with malice, sought out, contacted, and solicited these third-parties for advertising in Defendants' magazine.

58. Defendants knew that Plaintiff had business relationships with these third-parties, and that they were advertisers in Plaintiff's magazine.

59. Defendants sought to pass Defendants' magazine off as Plaintiff's magazine in violation of Section 43(a) of the Lanham Act, Sections 349, 350, and 360-l of New York General Business Law, and New York State common law.

60. By the acts described above, Defendants have tortiously interfered with Plaintiff's business relationships.

61. Plaintiff has been damaged by Defendants' unlawful conduct in an amount as yet undetermined, but believed to be in excess of $500,000.00.

WHEREFORE, Plaintiff GREGG MORAMARCO respectfully demands Final Judgment against Defendants NY LUXURY PUBLISHING, LLC, THE NEW YORK OBSERVER, LLC, JARED KUSHNER, JOSEPH MEYER, PATRICK MCMULLAN, PATRICK MCMULLAN COMPANY, INC., JULIE DANNENBERG, PETER DAVIS, and and THOMAS PLUNKETT, as follows:

1. For a Final Judgment that:

A. Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); and

  B. Defendants have engaged in Cybersquatting in violation of the AntiCybersquatting Consumer Protection Act; and

  C. Defendants have diluted the distinctiveness of the Plaintiff's Mark and caused injury to Plaintiff's business reputation in violation of Section 360-l of the New York General Business Law; and

  D. Defendants have engaged in deceptive acts and practices unlawful in violation of Sections 349 and 350 of the New York General Business Law; and

  E. Defendants have engaged in trademark infringement in violation of the common law of the State of New York; and

  F. Defendants have engaged in unfair competition in violation of the common law of the State of New York; and

  G. Defendants have tortiously interfered with Plaintiff's business relationships; and

  H. That the above acts were done willfully, and/or intentionally.

  2. For entry of an ORDER:

Permanently enjoining and restraining Defendants, and their officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them, from:

  A. Using Plaintiff's Mark or any other mark confusingly similar to Plaintiff's Mark; and

  B. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive

quality of Plaintiff's Mark; and

    C.    Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any goods distributed or sold by Defendants are in any manner associated or connected with Plaintiff or are sold, licensed, sponsored, approved or authorized by Plaintiff; and

    D.    Infringing the or diluting Plaintiff's Mark; and

    E.    Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized magazines or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe or dilute Plaintiff's Mark; and

    F.    Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

3.    For an entry of an ORDER directing that Defendants deliver up for destruction to Plaintiff all unauthorized products, advertisements and packaging in their possession or under their control bearing Plaintiff's Mark; and

4.    For an entry of an ORDER transferring or canceling Plaintiff's

election, the Infringing Domain Name and any other domain names used by the Defendants to engage in unauthorized activities, to Plaintiff's control so they may no longer be used for unauthorized purposes; and

5. For entry of an ORDER that, upon Plaintiff's request, the Internet Registries shall take all actions necessary to ensure that the Infringing Domain Name be transferred and or disabled accordingly; and

6. For entry of an ORDER requiring Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge their violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations; and

7. For all such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or associated packaging manufactured, sold or otherwise circulated or promoted by the Defendants are authorized by Plaintiff or related in any way to Plaintiff's magazine; and

8. For an assessment of, and judgment against Defendants for the actual damages suffered by Plaintiff, trebled, and an award of all profits Defendants have derived from Plaintiff's Mark, trebled, as well as costs and attorneys' fees to the full extent provided for by law; and

9. For costs and disbursement of suit, and for such other and further relief as the Court shall deem just and proper.

A TRIAL BY JURY IS DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues raised in this Complaint.

Dated: Mattituck, New York
November 6, 2016

FINE & ASSOCIATES P.C.

_____
Scott J. Fine (SF8538)
Attorneys for Plaintiff
PO Box 344
Mattituck, New York 11743
631.351.2100
sjf@finelawpc.com